POPKIN BROS., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. VOLK'S TIRE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND DANIEL H. VOLK, DEFENDANTS.

Decided December 15, 1941.

For the plaintiff, *John W. Taylor*.

For the defendant, *Horace G. Brown*.

OLIPHANT. S. C. C. This matter is before me sitting as a Supreme Court Commissioner on a motion to strike the complaint on two grounds, that the plaintiff is not a proper party plaintiff and that the suit is by one *tort feasor* against another alleged *tort feasor* for contribution or reimbursement.

1

Plaintiff was engaged in the produce business in the City of Trenton and as such operated a fleet of trucks. It entered into an agreement with the defendant whereby it bought tires and tubes for its trucks from it who agreed to service, inspect and keep in good and safe repair and running condition the tires, tubes, rims, lugs and wheels of the said trucks.

On July 13th, 1939, the defendant replaced a tire and rim on one of the trucks of the plaintiff allegedly in a careless and negligent manner. The truck was on later occasions inspected by the defendant and apparently passed as in good condition with reference to the tires, rims, &c.

On August 10th, 1939, an employee of the plaintiff was operating the truck in Bethlehem, Pennsylvania, when the rim of the wheel gave way, it flew across the street and injured a pedestrian, one Dorn, who allegedly suffered severe injuries. The said Dorn made claim against the plaintiff for damages and admitting liability, plaintiff paid to him the sum of $9,000. The instant suit seeks to procure from the defendant indemnification for the sum so paid.

The first ground for the motion is predicated upon the facts that both from the complaint and the answer to the demand for particulars it is evident some one other than the plaintiff made the payment to Dorn and that that individual or corporation has an interest in plaintiff's demand by way of subrogation. Though it does not appear, without doubt plaintiff's insurance carrier made the payment.

This ground is effectively disposed of by the decision of the Supreme Court in *Weber* v. *Morris and Essex Railroad Co.*, 36 *N. J. L.* 213.

The second ground presents a question which appears to be novel in this state.

It is well established law that "There can be no contribution between joint *tort feasors* * * * the law will not undertake to adjust the burden of ill conduct." *Manowitz* v. *Kanov*, 107 *N. J. L.* 523; 154 *Atl. Rep.* 326; *Public Service* v. *Matteucci*, 105 *N. J. L.* 114; 143 *Atl. Rep.* 221.

That rule does not apply when there is a difference between the character of the wrongs and the quality of the conduct of the parties. In the instant case the plaintiff's negligence

consisted in its failure to properly inspect the instrument causing the damage, relying upon the defendant's representations as to its fitness; the defendants' negligence consisted in its failure to properly attach the tire and rim, thereby furnishing an article defective for the use for which it was supplied.

There are many decisions throughout the country touching upon the subject of implied indemnity and restitution and they have been crystallized in the Restatement of the Law of Restitution.

Paragraph 93 of that title is as follows:

"(1) Where a person has supplied to another a chattel which because of the supplier's negligence or other fault is dangerously defective for the use for which it is supplied and both have become liable in tort to a third person injured by such use, the supplier is under a duty to indemnify the other for expenditures properly made in discharge of the claim of the third person, if the other used or disposed of the chattel in reliance upon the supplier's care and if, as between the two, such reliance was justifiable.

"(2) The rule stated in subsection (1) applies where a person has negligently made repairs or improvements upon the land or chattels of another whereby both become liable in tort to a third person."

The reporter in the text comments on paragraph 93 of the title Restitution and explains it as follows (page 409):

"The usual application of the rule, however, is with reference to persons who are under a duty of care to third persons and who are made liable because of a failure to use care in the inspection of the chattels. Thus the seller of a dangerous chattel is normally under a duty of care to make some inspection before selling the chattel. * * * A master is under a duty of care to his servants to inspect tools which he purchased from third persons. * * * In such cases the fact that the claimant was negligent with respect to the person harmed does not prevent him from obtaining indemnity from the supplier, if his negligence consisted merely in failing to make an inspection and his failure was because of his belief due to representations by the supplier that the chattels were

not defective. In all cases indemnity depends upon the existence of some form of representation made by the supplier and reasonableness, as between the two, by the payor in relying upon the supplier's representation."

Among numerous other cases cited in the reporters' notes on this paragraph of the Restatement contained in the pocket supplement are those of *Boston Woven Hose and Rubber, Co.* v. *Kendall,* 178 *Mass.* 232; 59 *N. E. Rep.* 657, and *Busch & Latta Painting Co.* v. *Woermann Construction Co.,* 310 *Mo.* 419; 276 *S. W. Rep.* 614. They are good illustrations of the principles here involved. In both, the defendant, from whom indemnity was sought, was the originator or creator of a dangerous article which the plaintiff in each case negligently failed to inspect. The plaintiffs in each case were held liable to third persons for their negligence in failing to make a proper inspection and were allowed indemnity against the creator of the defective article, the plaintiffs having relied upon the defendant's representations and warranties as to the fitness of the article for the purpose for which it was in each case intended.

In 31 *C. J.* 455, ¶ 55, is found the following:

"The general rule (*i. e.,* the rule against contribution by the joint *tort feasors*) however, does not apply and there may be a recovery of indemnity where the person seeking indemnity and the person from whom indemnity is sought are not *pari delicto,* as where, although the relation of the party seeking indemnity to the negligent or wrongful act is such that he is liable therefor, he did not join in such act, or did not know and was not presumed to know that the act was wrongful; or where he was only technically or constructively at fault, as from a failure to perform some legal duty, and the negligent or wrongful act of the party from whom indemnity is sought was the primary or proximate cause of the injury, or where both parties were at fault, but not in the same fault toward the person injured, and the fault of the party against whom indemnity is claimed was the primary and efficient cause of the injury."

A further paragraph on page 456 sets forth the tests to be applied to determine whether indemnity can be enforced.

In the case of *Wise Shoes, Inc.,* v. *Blatt,* 107 *Pa. Super.* 473; 164 *Atl. Rep.* 89, wherein the plaintiff sued the defendant to recover the amount of a judgment recovered against it by a third party for personal injuries sustained by falling on ice on the plaintiff's sidewalk, the ice being formed in the course of defendant washing plaintiff's windows and spilling water, the court said: "The plaintiff was not a joint *tort feasor.* It was held liable in a suit against it because of its duty as a property owner to maintain its sidewalk in a reasonably safe condition. The motivating cause of the injury was the act of the window cleaner, an independent contractor, in which plaintiff did not concur. Under these circumstances, the ordinary rules applicable to joint *tort feasors* do not apply, but the party held liable in the first instant may recover over against the one who actually causes the dangerous condition, since the latter is the active wrongdoer." In quoting from the case of *Fowler* v. *Jersey Shore Borough,* 17 *Pa. Super.* 366 (at *p.* 373), the court said: "The rule that one of two joint *tort feasors* cannot maintain an action against the other for indemnity or contribution does not apply to a case where one does the act or creates the nuisance and the other does not join therein but is thereby exposed to liability; in such cases the parties are not in *pari delicto* as to each other, though as to third parties either may be held liable." This passage well states the principle.

The fact that the payment by the plaintiff here to the injured person was a voluntary one in the sense that the claim was not reduced to judgment does not defeat the right of indemnification. If it appears that the party was legally liable and could have been compelled to satisfy the claim, that is sufficient. Voluntary payment merely varies the degree of proof needed to establish the liability of the idemnitor. *Wise Shoes, Inc.,* v. *Blatt, supra.* See, also, 31 *C. J.* 453.

Paragraph D of the text of the Restatement of the Law of Restitution under section 86, page 291, says: "The rule stated in this section is applicable whether or not suit has been brought by the injured person against the payor. If, however, suit is not brought by the injured person, and the payor seeks restitution from a fellow *tort feasor,* it is neces-

sary for him to prove that his payment terminated or reduced a valid claim against the other, except under the conditions stated in paragraphs 78 and 83. It is also necessary for him to prove that the settlement made with the injured person was reasonable under the circumstances."

The motion will be denied.