**AMERICAN FIDELITY & CASUALTY CO., Plaintiff-Appellee, v. BENNETT, d. b. a. BENNETT BRAKE SERVICE CO., Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3446. Decided December 31, 1952.

William E. Pfau, Youngstown, for plaintiff-appellee.
Comus M. Beard, Youngstown, for defendant-appellant.

(SKEEL, PJ, HURD, J, KOVACHY, J, of the 8th District sitting by designation in the 7th District.)

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment for the plaintiff entered upon the verdict of a jury. The action is one in negligence. The plaintiff was the insurer upon a policy of insurance issued to The McCullough Transfer Company of Youngstown, Ohio. On October 29, 1947, a truck owned by one James Cooper and then being operated on the business of the McCullough Transfer Company, was involved in a collision with an automobile at the intersection of State Routes 82 and 91 at Twinsburg, Ohio. The tractor-trailer of the plaintiff's subrogor was being driven easterly over Route 82. The automobile with which it came into collision was being driven northerly over Route 91. The intersection is controlled by a signal light. As both vehicles came toward the intersection the light changed to green or "go" for north and south bound traffic, and red or "stop" for east and west bound traffic. The tractor-trailer then was about 200 feet from the traffic light. When about 100 feet away, it is the claim of plaintiff that the right front wheel of the tractor came off and rolled across the intersection, stopping some seventy-five feet east in the ditch. The driver testified his service brakes which had been working perfectly up and until then, were thus rendered useless, that he was thereafter unable to control the forward motion of the tractor-trailer with the other brakes in time to avoid proceeding through the intersection against the red light. The tractor struck the north bound automobile in the intersection, whereby the driver and his passenger (who was the owner of the automobile) were injured and the automobile damaged. Suit was filed by the owner of said automobile and also by the driver against the McCullough Transfer Company. Before trial, the plaintiff as insurer settled said cases for a total of $10,000 00, including legal fees and claims expense and was thereupon subrogated to the rights of the insured.

About eight weeks before the accident, the defendant was

engaged to reline the brakes of the tractor. It is the claim of plaintiff that the sole proximate cause of the accident was the negligence of the defendant in failing to replace a cotter-pin in the right front wheel assembly after relining the brakes and that such negligent failure to replace the cotter-pin resulted in the wheel coming off, rendering the brakes useless.

The second amended answer of the defendant admitted that the plaintiff, by reason of a policy of insurance issued to the McCullough Transfer Company settled two actions for damages filed against the transfer company because of the accident described in plaintiff's petition. After the foregoing admissions, the first defense of the defendant is a general denial. The second defense affirmatively alleges that the accident between the McCullough Transfer Company tractor-trailer and the automobile moving north on Route 91, was caused through the negligent conduct of a driver of the tractor, setting forth the specifications of negligence charged against the plaintiff's subrogor in the petitions of the cases against the transfer company that were settled and alleged that said settlements were conclusive of plaintiff's subrogor's negligence and constituted an admission of the negligence of plaintiff's subrogor.

The third defense alleges that in the accident for which settlements were made by plaintiff, the negligence of the driver of the tractor-trailer was the proximate, primary and active cause of the accident in that the driver of subrogor failed to maintain proper control of the tractor-trailer, failed to properly apply the brakes to enable him to stop within the assured clear distance ahead, and failed to abate the speed or divert the course of said tractor-trailer to avoid the accident, when, in the exercise of ordinary care, he should and could have done so and in negligently failing to inspect said tractor-trailer as required by PUCO and ICC permits of the transfer company.

The plaintiff filed a reply in which it denied all allegations of the answer, affirmative or otherwise, that are inconsistent with the allegations of plaintiff's petition.

Upon trial, the court charged the jury fully upon the issues, in which it was stated that if the plaintiff has shown by the proper degree of proof that the accident was caused solely and directly by reason of defendant's negligence in failing to replace a cotter-pin in the front wheel assembly, then plaintiff is entitled to recover, but if plaintiff has failed to show the defendant to have been thus negligent, which negligence proximately caused the accident, by the proper degree of proof, or having shown such circumstances, yet if it is also

shown that the driver of the tractor-trailer was also negligent in the operation of the tractor-trailer, which negligence proximately contributed in causing the accident, then the jury should find for the defendant, because joint tort feasors cannot seek recovery one from the other. As was stated above, the verdict and judgment was for the plaintiff.

There is no claim in the record but that the settlements were fairly made after notice to the defendant, and a request that she defend the actions which she admittedly refused to do.

The defendant claims the following errors:

"1. The trial court erred in overruling defendant's motion for judgment on the pleadings.

"2. The verdict of the jury is contrary to law.

"3. That the judgment for the plaintiff in this cause is not sustained by sufficient evidence and is contrary to the weight of the evidence.

"4. For error on the part of the trial court in overruling defendant's motion for a directed verdict at the close of plaintiff's evidence.

"5. For error on the part of the trial court in overruling defendant's motion for a directed verdict at the conclusion of all the evidence.

"6. For error on the part of the trial court in overruling defendant's motion for judgment notwithstanding the verdict.

"7. For error on the part of the trial court in ruling out defendant's second defense in her answer prior to closing argument.

"8. For error on the part of the trial court in its general charge to the jury after argument."

The claim that errors were committed by overruling defendant's motion for judgment on the pleadings and for directed verdicts cannot be maintained. The allegations of the petition state a cause of action and there is sufficient credible evidence to support all of the necessary allegations that, when established, would entitle the plaintiff to judgment. The plaintiff's subrogor employed defendant to make repairs to a tractor used in its business. The subrogor had the right to rely on the defendant to exercise reasonable care in the performance of the work necessary to make the repairs (**Balridge v. Gas Co., 154 Oh St 453**), and, while the plaintiff's subrogor cannot be relieved of liability to third persons who are injured because the repairs were so negligently done as to make the operation of the tractor dangerous to other street users, on the ground that the negligence was that of an independent contractor, yet, as between them, by the allegations

of the petition, if the work was negligently done the liability of the defendant by reason of such dangerous condition of the vehicle would be primary and that of the subrogor secondary. This must follow for the reason that from the character of the negligence charged in the petition and supporting · evidence, as disclosed by the record, which includes a complete description of the construction of the front wheel assembly, it is clear that reasonable inspection of the front wheel assembly by the subrogor, after the work had been done, would not have revealed the absence of the cotter-pin. The allegations of the petition and the evidence presented bring the case within the rules of law pronounced in the case of **Indemnity Co. v. Schmitt, 142 Oh St 595.** The case of **Insurance Company v. Dingle-Clark Co., 142 Oh St 346**, strongly relied upon by defendant is not in point as to the facts here presented, the principal distinction being that the action of Henzi went to judgment against the plaintiff's subrogor, the Carnegie-Illinois Steel Co., wherein it was judicially determined that the Steel Company was actively negligent in failing to protect the safety of Henzi, the court holding in the fourth paragraph of the syllabus as follows:

"Where two persons, acting jointly or concurrently, have negligently injured a third person, for which injury both became liable in tort, to a third person, one of them who has made expenditures in discharge of their liability, is not entitled to contribution from the other."

In the case now being considered, the lawsuits were settled before trial and there was no judicial determination of the alleged active negligence claimed against the subrogor by the third persons injured. A settlement of the lawsuits cannot be construed as an admission of the subrogor of the allegations of fact contained in the pleadings. Many considerations motivate a settlement other than the question of legal liability, as charged in the petition. In this case, for example, the fact that the subrogor considered himself secondarily liable because of the alleged negligence of defendant in omitting a cotter-pin from the right front wheel assembly, most probably was the reason for agreeing to a settlement.

When the court submitted this case to the jury, the question as to whether or not the active negligence on the part of plaintiff's subrogor was the proximate cause, or a contributing proximate cause of the accident, or whether the defendant was negligent and such negligence, if established, was the sole proximate cause thereof, was properly and clearly submitted to the jury. A verdict for the plaintiff, based upon credible evidence, conclusively establishes that the defendant's negligence was the sole proximate cause of the accident.

The judgment must, therefore, be affirmed. Exceptions allowed. Order see journal.

HURD, J, KOVACHY, J, concur.