Jacob J. Schwartzwald, J.
The third-party defendant herein moves to dismiss the third-party complaint and cross claim over on the ground that they fail to state facts sufficient to constitute a cause of action or, in the alternative, for summary judgment based upon a notice to admit. The third-party plaintiffs cross-move for leave to extend their time to admit or deny the items in the notice to admit served upon them.
Plaintiffs sued defendants, who are also the third-party plaintiffs, to recover damages for injuries sustained while they were passengers in the defendant Warren’s automobile while it was being operated by the defendant Bibman with the consent of the owner. The respective complaints, in substance, allege that the operator drove the vehicle at an excessive and careless rate of speed; failed to keep a proper lookout; failed to have the motor vehicle under proper control and management ; failed to observe the pillar with which the vehicle collided; failed to apply the brakes and operated with defective brakes. The defendants and third-party plaintiffs, in their third-party complaint and cross claim over, assert, in substance, that if plaintiffs sustained any injuries they were caused by reason of the third-party defendant’s failure to inspect, repair and adjust the brakes; in rendering the brakes defective and in an improper condition, after the vehicle of the defendants was left with it for repairs, etc. In addition, the third-party defendant is charged with a breach of warranty in failing to make proper repairs, all of which caused the accident. After serving the third-party complaint, the plaintiffs impleaded the third- *808 party defendant as a party to the main action, asserting a cause of action against it.
It is well established that in a tort case a defendant may recover against a codefendant who is guilty of active wrongdoing only where there is an agreement of indemnification between them or where the defendant is himself guilty only of passive negligence and the codefendant guilty of active negligence. Stated in other words, a recovery over may not be had as between joint tort-feasors in pari delicto (Middleton v. City of New York, 276 App. Div. 780, affd. 300 N. Y. 732; Cloud v. Martin, 273 App. Div. 769). In the absence of an agreement in which the intention is unequivocally expressed to indemnify a person against his own negligence there is no right of indemnification against one contributing to the plaintiff’s damage by his own active negligence (Edwards v. Sophkirsh Holding Corp., 280 App. Div. 168, affd. 304 N. Y. 850).
Analyzing the negligence claimed in the plaintiffs’ complaints, it definitely appears that the defendants and third-party plaintiffs are charged with active negligence and not with passive negligence and that any recovery would be due to the defendants’ own negligence in the operation of the vehicle. If, as the defendants set forth in their third-party complaint and cross claim over, the accident occurred as a result of the defective brakes, of which they had no notice or knowledge, they would, under such circumstances, be absolved from any wrong. An owner or operator of an automobile is not liable for the death or injuries of a guest occasioned through a mechanical defect in the car, although by inspection he might have discovered the fault, unless he knew of the dangerous condition and failed to warn his guest of such condition and the risk involved (Higgins v. Mason, 255 N. Y. 104; Rowley v. Reynolds, 240 App. Div. 751, affd. 265 N. Y. 489; Schaeffer v. Caldwell, 273 App. Div. 263). If, on the other hand, he had such notice or knowledge, then he was himself an active tort-feasor and, as such, may not avail himself of the impleader statutes (Fox v. Western New York Motor Lines, 257 N. Y. 305; Kalkin v. Marken, 87 N. Y. S. 2d 839; Gomer v. Cypress Cab Corp., 116 N. Y. S. 2d 773).
Accordingly, the motion to dismiss is granted. Under the circumstances, the remaining motions become academic and are not passed upon.
Settle order on notice.