ALLIED MUTUAL CASUALTY CORPO-
RATION, Appellant,

v.

GENERAL MOTORS CORPORATION
and Tom Parker d/b/a Parker Buick
Company, Appellees.

No. 6263.

United States Court of Appeals
Tenth Circuit.

June 3, 1960.

456

G. Wayne Probasco, Topeka, Kan. (Harold E. Doherty, Topeka, Kan., on the brief), for appellant.

Herbert A. Marshall, of Meyers, Gault, Marshall & Hawks, Topeka, Kan., for appellee General Motors Corporation.

Charles S. Fisher, Jr., Topeka, Kan. (T. M. Lillard, O. B. Eidson, Philip H. Lewis, James W. Porter, E. Gene McKinney, Frank C. Sabatini, Topeka, Kan., on the brief), for appellee Tom Parker, d/b/a Parker Buick Co.

Before PICKETT and BREITENSTEIN, Circuit Judges, and SAVAGE, District Judge.

PICKETT, Circuit Judge.

Allied Mutual Casualty Corporation paid several claims against its insured, Alicia Seifrit,[1] and then brought this action against Tom Parker, d/b/a Parker Buick Company, and General Motors, for indemnity for the amount paid out which, together with attorney fees and costs, totalled $15,413.10. The complaint alleges that while Seifrit was driving a new Buick automobile recently purchased from the defendant Parker, she was involved in an accident in Kansas City, Missouri, and that the accident and resulting damage was caused solely by the negligence of General Motors and Parker in manufacturing and delivering to Seifrit an automobile with defective brakes. The trial court concluded that even if the defendants were negligent as alleged, their motions for summary judgment should be sustained because Seifrit was

---

1. Allied Mutual had issued to Seifrit a policy of collision and public liability insurance, with standard provisions, covering any liability for personal injury and property damage for which the insured became legally obligated to pay as damages because of her ownership, maintenance and use of the new Buick, as well as damage to the car itself.

either a joint tort feasor, thus having no right of indemnity to which Allied could be subrogated, or else was not negligent at all, in which event Allied would have no right of indemnity as it would have paid the claims as a volunteer.

Specifically, the complaint alleges that while operating the automobile, Seifrit stopped for a red traffic signal at a busy intersection, and when the signal changed, made a right turn onto a street sloping downhill; before completing the turn she stepped on the brake pedal to stop for a pedestrian who was crossing the street in front of her; but the momentum of the car was wholly unaffected by her proper application of the power brakes, and as a result, the car ran wild, killing the pedestrian, colliding with two other automobiles, and finally leaving the street and crashing into an office building.

Three separate suits were filed against Seifrit in a Missouri state court. One was for the death of the pedestrian, and a second for personal injuries to a minor riding in one of the cars struck by the Seifrit automobile. In each of these cases it was alleged that the injuries were caused by several distinct negligent acts of Seifrit. These cases were settled by Allied before trial. The third action was brought by the owners of the office building alleged to have been damaged "through the negligence of the Defendant," Seifrit. The trial of this case was had without a jury, and the court, "after hearing the statements of counsel and being fully advised in the premises, [found] the issues in favor of the plaintiffs and against the defendants and [assessed] plaintiff's damages in the sum of $3500.00." In addition to discharging this judgment and making compromise payments for the other two suits, Allied paid various sums in settlement of other claims for personal injury and property damage, including damage to Seifrit's automobile,[2] and also paid attorneys' fees and court costs incurred in defending the lawsuits. Recovery of these sums is sought on the theory that the primary negligence of defendants in furnishing Seifrit an automobile with defective brakes, together with her proper use of that automobile, occasioned all of the claims which Allied, because of the secondary liability of its insured, was required to pay.

We agree with the trial court that Allied was subrogated to any and all rights of the insured and that Seifrit's right to indemnity is to be determined from Missouri law.[3] Generally it may be said that "indemnity is a right which enures to a person who has discharged a duty which is owed by him but as between himself and another should have been discharged by the other. It implies a primary liability in one person, although a second person is also liable to a third party." Lee Way Motor Freight, Inc. v. Yellow Transit Freight Lines, Inc., 10 Cir., 251 F.2d 97, 99, and authorities cited. It rests upon "a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party." Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 370, 24 A.L.R.2d 319, 323. By statute, Missouri has adopted the general rule that there can be no contribution between joint tort-feasors except where there is a joint judgment against both of them,[4] but the case law of that State indicates it has followed the equally general exception to that rule, namely, that where

2. Insofar as the payment made directly to Seifrit, Allied is not seeking indemnity, but rather is seeking only to assert, as subrogee, any rights Seifrit has directly against the defendants.

3. Security Insurance Co. of New Haven v. Johnson, 10 Cir., 276 F.2d 182; United States v. Acord, 10 Cir., 209 F.2d 709; Hughes Provision Co. v. La Mear Poultry & Egg Co., Mo.App., 242 S.W.2d 285; Northwest Airlines, Inc. v. Glenn L. Martin Co., D.C.D.Md., 161 F.Supp. 452. See Annotation 148 A.L.R. 1130.

4. R.S.Mo.1949, § 537.060, V.A.M.S. And see State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S.W.2d 127; Farrell v. Kingshighway Bridge Co., Mo.App., 117 S.W.2d 693.

one party has been required to discharge a claim for which he is only secondarily or constructively liable, he can require indemnity from the person primarily liable for the injury giving rise to the claim.[5] In Barb v. Farmers Insurance Exchange, Mo., 281 S.W.2d 297, 304, the court stated:

"It is the general rule, where one person has been exposed to liability and compelled to pay damages on account of the negligence of another, the first has a right of action against the other for indemnity where the parties are not in pari delicto. In cases where one party creates the condition which causes injury and the other does not join therein but is exposed to liability on account of it, the rule that one of two joint tort-feasors cannot maintain an action against the other for indemnity does not apply."

A.L.I., Restatement, Restitution, § 95, states the rule as follows:

"Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition."

This general rule was discussed by this Court in United States v. Acord, 209 F. 2d 709, certiorari denied Acord v. United States, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115, and Security Insurance Co. of New Haven v. Johnson, 276 F.2d 182,[6] in applying Oklahoma and Kansas law. It thus appears that if Allied could show it discharged claims for which its insured was legally obligated, and that this legal obligation was grounded on liability which was only secondary with respect to the primary liability of Parker and General Motors, it would be entitled to be indemnified. Otherwise stated, if under Missouri law Seifrit was only liable for acts which if committed would constitute her a joint tort-feasor, Allied has no right of indemnity; but on the other hand, if the allegations in the complaint can be proved, and if it appears that the injured persons had the legal right to recover from Seifrit under the circumstances as alleged in the complaint—i. e. Seifrit's proper use, without any acts of concurring negligence, of an automobile sold and delivered to her with defective brakes—then Allied should be allowed indemnity.

■ On the motion for summary judgment, the issue, then, is whether the pleadings, together with the other documents on file, conclusively establish that by her own negligence Seifrit is in pari delicto with the defendants who are allegedly liable. Analogies drawn from the Missouri decisions, taken with precedents more directly in point from other jurisdictions, make it quite clear that the parties were not in pari delicto if Sei-

5. Barb v. Farmers Insurance Exchange, Mo., 281 S.W.2d 297; State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W. 2d 481; Busch & Latta Paint Co. v. Woermann Const. Co., 310 Mo. 419, 276 S.W. 614; Cf. State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499.

6. In Security Insurance Co. of New Haven v. Johnson, 276 F.2d at page 185, the rule was stated as follows:

"The general rule is that, in the absence of express contract, there is no contribution between joint tort-feasors. But where they are not in pari delicto,

and their negligence is substantially different not merely in degree but in character, it is generally recognized that indemnity may be awarded. Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; United States v. Acord, 10 Cir., 1954, 209 F.2d 709, certiorari denied 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115; Peak Drilling Co. v. Halliburton Oil Well Cement Co., 10 Cir., 1954, 215 F.2d 368; Thomas v. Malco Refineries, Inc., 10 Cir., 1954, 214 F.2d 884; Lee Way Motor Freight v. Yellow Transit Fr. Lines, 10 Cir., 1957, 251 F.2d 97."

frit's liability was based solely on her driving a car with a defective brake system for which the defendants alone were responsible.

In Missouri, indemnity has been permitted by a landlord against his tenant where the landlord was required to discharge the claim of a third person injured by the fall of boxes which the tenant had stacked in a hallway in violation of the landlord's instruction;[7] an employer has been allowed indemnity from an employee where the employer was required to pay a claim for which he was only constructively liable;[8] a retailer has been given indemnity against the supplier of adulterated food which the retailer sold and thus incurred statutory liability which he satisfied;[9] and an employer, who became liable to several of his employees when a scaffold which he had furnished them collapsed, was permitted to recover indemnity from the person who constructed the scaffold.[10] This court has affirmed judgments granting indemnity under comparable factual situations.[11]

Cases from other jurisdictions have permitted an owner or operator of a motor vehicle, who has satisfied a legal obligation to a third person injured as the result of a defect in the vehicle, to recover indemnity from the person responsible for the defect.[12] These cases all support the conclusion that if Seifrit's negligent conduct consisted solely of operating an automobile with faulty brakes, without knowledge thereof, she was not in pari delicto with the defendants who are alleged to be primarily responsible for the defect.

The Missouri statute requires that all motor vehicles, with the exception of motorcycles, be provided at all times with two sets of adequate brakes, which shall be "kept in good working order." Section 304.560(3) RSMo 1949, V.A.M.S. Missouri is committed to the rule that a violation of this statute is

7. Barb v. Farmers Insurance Exchange, Mo., 281 S.W.2d 297.

8. State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W.2d 481; to the same effect is Thomas v. Malco Refineries, 10 Cir., 214 F.2d 884.

9. Hughes Provision Co. v. La Mear Poultry & Egg Co., Mo.App., 242 S.W.2d 285. The court here was applying Ohio law, however.

10. Busch & Latta Paint Co. v. Woermann Const. Co., 310 Mo. 419, 276 S.W. 614.

11. Security Insurance Co. of New Haven v. Johnson, 10 Cir., 276 F.2d 182; Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 215 F.2d 368; United States v. Acord, 10 Cir., 209 F.2d 709, certiorari denied Acord v. United States, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115; Lee Way Motor Freight, Inc. v. Yellow Transit Freight Lines, Inc., 10 Cir., 251 F.2d 97. In all these cases the court emphasized that for the parties to be not in pari delicto, it must appear that their negligence is substantially different, not merely in degree, but in character. This same test was applied by the Missouri Court of Appeals in Hughes Provision Co. v. La Mear Poultry & Egg Co., Mo.App., 242 S.W. 2d 285, 289.

12. American Fidelity & Casualty Co. v. Bennett, Ohio App., 125 N.E.2d 754 (suit by owner of truck against garage company which had undertaken to reline brakes two months before accident; plaintiff alleged that it had been compelled to satisfy claims arising from accident occurring when wheel of truck came off, allegedly because defendant failed to replace cotter-pin, causing loss of braking power and resulting collision); Popkin Bros. v. Volk's Tire Co., 20 N.J. Misc. 1, 23 A.2d 162 (this was also an indemnity action growing out of the payment of claims to persons injured when truck tire came off; the court cited with approval Busch & Latta Paint Co. v. Woermann Const. Co., 310 Mo. 419, 276 S.W. 614.) Compare Lipsman v. Warren, 17 Misc.2d 807, 188 N.Y.S.2d 426, where the court held that a defendant could not implead a third person allegedly responsible for the faulty brakes, for the reason that under the law of New York, the defendant could only be found liable to the plaintiff, who had been a passenger, if the defendant knew of the defect, and if he did, then he would be a joint tort-feasor and not entitled to indemnity.

negligence per se.[13] Along with this rule, the Missouri courts have developed a doctrine variously labeled "factors of excuse," "justifiable violation" or "excused violation," which enables a person charged with a violation of the statute to introduce evidence that he was wholly without fault and could not possibly have complied with the statutory requirements and thereby to present a jury question as to the existence of negligence.[14] Accordingly, we think a factual situation was presented as to the nature of Seifrit's liability. With respect to the claims that were settled, Allied was not a volunteer, since its insured could have been adjudged liable to each such claimant for driving a car having defective brakes.[15] These payments were made as the result of settlements negotiated in good faith after defendants were given notice of the claims and hence were not made voluntarily. Chicago, R. I. & P. R. Co. v. Dobry Flour Mills, 10 Cir., 211 F. 2d 785, certiorari denied 348 U.S. 832, 75 S.Ct. 55, 99 L.Ed. 656; Hawkeye-Security Ins. Co. v. Lowe Construction Co., Iowa, 99 N.W.2d 421. As to the claim for building damage, which was reduced to judgment, there is nothing to indicate that liability was not imposed simply on the basis of Seifrit's act of driving a car without adequate brakes. Under these circumstances, that judgment cannot be taken as a conclusive determination that Seifrit was guilty of primary negligence such as would place her in pari delicto with the defendants. See Security Insurance Co. of New Haven v. Johnson, supra; 30A, Am.Jur., Judgments, § 381.

▪ It is our opinion that the pleadings and other documents in the record are not such as to foreclose the plaintiff from showing that the claims which it was compelled to pay were such that the defendants were primarily liable for them and that Seifrit was only secondarily liable.[16] For this reason, the case should not have been disposed of on the motions for summary judgment.

Reversed.

13. Sams v. Adams Transfer & Storage Co., Mo., 234 S.W.2d 593; Rice v. Allen, Mo., 309 S.W.2d 629; Allman v. Yoder, Mo., 325 S.W.2d 472.

14. Wilson v. Shumate, Mo., 296 S.W.2d 72; Lochmoeller v. Kiel, Mo.App., 137 S.W.2d 625; Rice v. Allen, supra, and authorities therein cited.

15. What was said in Popkin Bros. v. Volk's Tire Co., 20 N.J.Misc. 1, 23 A. 2d 162, 164, is especially pertinent here: "The fact that the payment by the plaintiff here to the injured person was a voluntary one in the sense that the claim was not reduced to judgment does not defeat the right of indemnification. If it appears that the party was legally liable and could have been compelled to satisfy the claim, that is sufficient."

Similar remarks were made in American Fidelity & Casualty Co. v. Bennett, Ohio App., 125 N.E.2d 754.

16. A.L.I., Restatement, Restitution, § 93, illus. 2: "A purchases from B, a manufacturer of automobiles, a new automobile. B represents to A that the brakes are in good working order and reasonably believing this, A drives experimentally. While so driving carefully, A injures C, a pedestrian, owning solely to the failure of the brakes to operate. C obtains a judgment against A and B, the judgment against A being based solely upon A's violation of a statutory duty in driving with improper brakes. Upon payment of the judgment, A is entitled to indemnity from B."