Louis Glassman, Plaintiff, v. Haskel Goldman et al., Defendants.

Haskel Goldman, Third-Party Plaintiff, v. Clarence Makeham et al., Doing Business as Makeham Gulf Service, Third-Party Defendants.

Supreme Court, Special Term, Monroe County, May 4, 1962.

*Nixon, Hargrave, Devans & Dey* (*William H. Morris* and *Christoph H. Schmidt* of counsel), for third-party defendants. *Hickey & McHugh* (*E. James Hickey* of counsel), for defendant and third-party plaintiff.

G. Robert Witmer, J. Third-party defendants have moved for an order dismissing the third-party complaint herein on the ground that it does not state facts sufficient to constitute a

cause of action. In the original complaint plaintiff alleges that defendants were negligent in that defendant Bernice Goldman operated the automobile of defendant third-party plaintiff, Haskel Goldman, with his permission, that she stopped the car on a grade in a public parking area, got out leaving the motor running "without setting the brake thereon and without taking other steps or precautions under the conditions there existing"; and that defendants were negligent "in failing to set the brakes thereon, (and) in failing to take other steps or precautions to prevent the said automobile from backing or rolling downhill."

Defendant third-party plaintiff Haskel Goldman, has served a third-party complaint upon the third-party defendants, movants herein, in which he alleges that shortly before the said accident he had taken his said automobile to movants' garage for repair and testing of its brakes, that movants undertook to repair and test them and then returned the automobile to Haskel Goldman with the representation that the brakes were in good repair. Haskel Goldman alleges that he relied thereon, that the representations were not true, and as a result thereof the accident occurred. Haskel Goldman further alleges that movants performed the repairs on his automobile in a negligent manner, leaving the brakes in a defective condition, as a result of which the accident occurred without fault on his part. He therefore alleges that any damage to which he may be subjected by reason of said accident is the responsibility of these movants.

Movants contend that the third-party claim is not "related to the main action by a question of law or fact common to both controversies" as required by subdivision 1 of section 193-a of the Civil Practice Act. This argument rests upon the contention that the original complaint contains no allegation of defective brakes and that proof thereof would not be admissible under said complaint.

It is true that the original complaint does not contain a clear allegation that the brakes were defective. But it does contain allegations that defendants failed to take other steps or precautions under the conditions then existing to prevent said automobile from backing or rolling downhill. Precisely what those steps may be is not set forth, but on a motion to dismiss a pleading the court must construe it liberally and draw all reasonable inferences therefrom. (*Garvin* v. *Garvin,* 306 N. Y. 118, 120; *Morgenstern* v. *Cohon,* 2 N Y 2d 302.) I hold, therefore, that the allegations of the original complaint are broad enough to admit of proof of defective brakes, and that this is a proper case for a third-party action.

It may very well be that movants are entitled to a bill of particulars from the original plaintiff to state at this time whether he will claim upon the trial that Goldman's brakes were defective. (See *Sorrentino* v. *City of New York,* 14 Misc 2d 78; *Rivkind* v. *Fried,* 13 Misc 2d 943.) If the answer in such a bill of particulars were negative, of course the third-party complaint could not stand. But, on this motion the court must accept the pleadings as presented.

Movants also contend that respondent, as an absentee owner, may not maintain an action over against them because, they argue, the liability imputed to Goldman under section 59 of the Vehicle and Traffic Law as against anyone other than his driver (see *Traub* v. *Dinzler,* 309 N. Y. 395) is as a matter of law based upon active negligence. Movants cite *Cloud* v. *Martin* (273 App. Div. 769) wherein an action over by the driver and the absentee owner was dismissed. In that case it may be that the driver was upon the business of the owner. At any rate the point raised herein does not appear to have been raised there.

If upon the trial of the instant action it should appear that movants were negligent in repairing the brakes of Goldman's automobile, that although Goldman used due care, he did not discover the defective condition, and that his driver did discover or in the exercise of due care should have discovered such defect, that such defect caused the accident, and that hence defendants are liable to the plaintiff, Goldman could recover against movants in negligence. Said cause of action is, therefore, sufficient.

In their memorandum movants also contend that the cause of action resting upon the contract to repair is insufficient in law. The motion, however, is directed against the complaint as a whole, and since one cause of action is found sufficient, the motion must be denied, and the court is not called upon to pass upon the sufficiency of the cause of action on the contract. (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84; *Wallace* v. *Perlman,* 9 A D 2d 934.) The motion is, therefore, denied.