**George W. NEFF, Plaintiff,**

v.

**Philip J. LEVIN et al., Defendants.**

**George W. NEFF, Third-Party Plaintiff,**

v.

**ALLSTATE CONSTRUCTION CORP., Third-Party Defendant.**

**Philip J. LEVIN et al., Plaintiffs,**

v.

**Charles O. MUSCHECK, Defendant,**

v.

**ALLSTATE CONSTRUCTION CORP., Third-Party Defendants.**

**Civ. Nos. 629–63, 219–64.**

United States District Court
D. New Jersey.

May 25, 1966.

**46**

Harkavy & Lieb, by Jerome S. Lieb, East Orange, N. J., for Allstate Const. Corp.

Max Glassman, Newark, N. J., for George W. Neff.

Stavis, Richardson, Koenigsberg & Rossmoore, by Samuel M. Koenigsberg, Newark, N. J., for Charles O. Muscheck.

Winne & Dooley, Hackensack, N. J., for Philip J. Levin, and others.

McCarter & English, Newark, N. J., for Wheeling Corrugating Co.

Braff, Litvak & Ertag, East Orange, N. J., for Elizabeth Iron Works.

Henry F. Hoey, Newark, N. J., for C. Forsythe Const. Co.

Stryker, Tams & Dill, Newark, N. J., for E. E. Helms, Inc.

## OPINION

WORTENDYKE, District Judge.

In each of the above-captioned cases, consolidated by Order of this Court on May 4, 1964, the third-party defendant Allstate Construction Corp. has moved the Court for a dismissal of the respective third-party complaints of Neff and Muscheck against Allstate Construction Corp. The motions are grounded upon the contention that neither of said third-party complaints sets forth a cause of action upon which relief may be granted to the third-party plaintiff therein.

Movant assumes as true for the purposes of said motions all of the facts pleaded in the third-party complaints and accords to said third-party plaintiffs all inferences legitimately deducible therefrom.

The third-party plaintiffs seek exoneration and indemnification with respect to such damages as may be recovered against them by West Orange Plaza.

Movant contends that the finding of liability against Neff or Muscheck, or both, would not entitle either of said defendants to exoneration or indemnification by Allstate because the theory of liability of Neff and Muscheck is yet to be determined upon the trial of the causes of action against each or both of them. Allstate further argues that the liability, if any, of Neff or Muscheck, or both, to West Orange Plaza cannot arise from any wrongdoing by Allstate.

However, it has yet to be shown whether the parties are *in pari delicto* and whether liability, if it exists, is primary, or vicarious or secondary. Until a ple-

nary trial is held, the character of the conduct and the material relationship of the parties cannot be ascertained in regard to causal participation in the alleged wrongdoing. The motion, therefore, will be denied. Popkin Bros., Inc. v. Volk's Tire Co. et al., 20 N.J.Misc. 1, 23 A.2d 162 (1941).