Jack Stanislaw, J.
Third-party defendant moves to renew and reargue its prior motion to dismiss the third-party summons and complaint on the ground it fails to state a cause of action. Since no additional facts are alleged, the application shall be deemed a motion for reargument only and, as such, is granted. But upon reconsideration and after carefully reviewing the pleadings, as well as the cases and principles of law referred to by movant, the court is constrained to adhere to its original decision, denying the motion to dismiss.
Movant contends that if the third-party plaintiff had no knowledge of the alleged defective repairs made by third-party defendant, then third-party plaintiff would not be liable to plaintiff and, therefore, the third-party complaint would not lie. In support of this contention, movant cites Singleton v. Bishop (19 A D 2d 595). The opinion in that case, however, indicates that the plaintiff therein was a guest-passenger in defendant’s automobile. With respect to mechanical defects, the obligation of an automobile driver and owner to guest-passengers is not the same as the duty owed to a stranger, in another vehicle, such as plaintiff herein. In Higgins v. Mason (255 N. Y. 104) (cited by movant, as well as by the court in Singleton, supra), it was held that a guest assumes the risk of a mechanical defect in the vehicle which is not known to the owner and operator. Quoting the well-settled principles of law enunciated in earlier cases, it stated: [0]ne who invites another to ride is not bound to furnish a sound vehicle or safe horse.’ * * * ‘ The guest on entering the automobile takes it and the driver as they then are, and accepts the dangers incident to that mode of conveyance ’ ” (Higgins v. Mason, 255 N. Y. supra, p. 108).
As for movant’s reliance on Lipsman v. Warren (10 A D 2d 868, modfg. 17 Misc 2d 807), it should be noted that the motion to dismiss the cross claim asserted by the defendant *900 owner against the mechanic was denied. In that case the driver, the owner and the mechanic were three different individuals and the main action was brought by passengers in the automobile who named all three as codefendants. If the driver, in Lipsman (supra), had no notice of the alleged defective brakes, he would not be liable to the plaintiff passengers (Higgins v. Mason, supra) and, therefore, his cross claim against the mechanic was properly dismissed. But, sustaining the owner’s cross claim, the court stated (10 A D 2d 868):11 A claim over may properly be pleaded if a ‘ right of indemnification may be predicated upon any version of the accident permitted by the pleadings’ (Weisman v. Hyams, 5 AD 2d 1000). Respondent, the mechanic, may be held liable only if the accident was caused by defective brakes. Even if appellant owner, who was not in the car, had no notice of the defect, nevertheless if the driver had notice, she (the owner) may be held liable to the plaintiffs by virtue of the provisions of section 59 of the Vehicle and Traffic Law.” (Emphasis supplied.)
Similarly, if the driver owner, in the instant case, had notice of the defective repairs, he too would be chargeable with active negligence, in which event he would not he entitled to indemnification by another tort-feasor. But, on the other hand, if upon the evidence established at trial, the jury should find that the accident was caused by mechanical failure due to defective repairs and that the owner-driver had no notice of such defects, he may be found liable for passive negligence, in which event he may be entitled to a claim over against the third-party defendant who made and allegedly guaranteed the repairs.