**BATTER BOY BAKERY/M. T. Lorren,[1] Appellants (Plaintiffs Below),**

v.

**Pauline P. CORN, Barbara J. Peacock, Appellees (Defendants Below).**

No. 2–779A217.

Court of Appeals of Indiana, Second District.

July 2, 1981.

Rehearing Denied July 29, 1981.

1. The cause was styled in this manner in the county court. Apparently M. T. Lorren does business as Batter Boy Bakery, a sole proprietorship.

Charles Thomas Gleason, Gleason & Hay, Indianapolis, for appellants (plaintiffs below).

Bruce A. Boje, Noblesville, for appellees (defendants below).

SULLIVAN, Judge.

This is an appeal by Lorren d/b/a Batter Boy Bakery (Batter Boy) from a judgment in favor of Pauline Corn and Barbara Peacock.

Batter Boy initiated the action on September 19, 1978, by filing a small claims complaint in Hamilton County Court. Corn and Peacock, former Batter Boy employees, were named as defendants. The complaint requested judgment in the amount of $288.17 for "Company monies missing and unaccounted for at the time of employees' termination." Corn and Peacock filed counterclaims for withheld wages in the amounts of $120.00 and $108.00, respectively, on September 25, 1978. At this point all parties retained counsel.

An amended counterclaim was filed by Corn and Peacock on October 27, 1978. The new claim alleged damages totalling $2,820 for Corn and $2,608 for Peacock. The claim also contained an averment that "the plaintiff committed the crime of theft" as to certain items of personal property belonging to Corn.

Batter Boy filed its answer to the amended counterclaim and an "Additional Count to Complaint by Interlineation" on November 28, 1978. The Additional Count contended that "the allegations of defendants' Amended Counter Claim, are wilfully without probable cause and are an abuse of process and are malicious prosecution and libelous and slanderous" and sought damages of $100,000. Corn and Peacock promptly amended their amended counterclaim to exclude the word "theft" from the averments. Batter Boy's Additional Count by interlineation was subsequently transferred, over objection, to the Circuit Court of Hamilton County. Batter Boy contended the whole cause, not just the Additional Count, should have been transferred.

After trial on the remaining claim and counterclaims, the trial court entered judgment for Corn and Peacock in the total amounts of $345.92 and $309.78 respectively. Batter Boy has preserved two issues for review.

1. Whether the trial court erred in assessing $155.60 in costs upon granting Batter Boy's oral motion for a continuance; and

2. Whether the trial court erred in transferring only the Additional Count by Interlineation to the Circuit Court.[2]

We affirm.[3]

---

**2.** Batter Boy's brief makes reference to three other issues: 1) error "in refusing to restore the parties to the status quo ante"; 2) error "in applying I.C. 22–2–5–2"; and 3) error in overruling Batter Boy's *Motion to Correct Errors.* The first was merely part of the prayer for relief, not an alleged error, in the Motion to Correct Errors. As to the second, Batter Boy did not favor us with an argument in its brief.

The merit of the third will, of course, be determined by our disposition of the two issues preserved for review. "Preserved" is used liberally as Batter Boy's brief is far from a model of clarity.

**3.** A decision and opinion in this matter was filed by this Court June 2, 1981 but was withdrawn on June 15, 1981 by reason of Chief

## I.

Batter Boy first alleges error in the trial court's assessment of $155.60 in costs. The costs were awarded pursuant to Indiana Rules of Procedure, Trial Rule 53.4 when an oral motion for a continuance was granted on January 10, 1979. Batter Boy's argument is premised upon two points: 1) The case was not set for trial; and 2) Even if the case was set for trial no notice was received of the setting and the assessment was therefore a violation of due process. Both contentions are meritless.

Batter Boy asserts that the Record does not show that the case was set for trial. We disagree. The entry of record for December 5, 1978, does not explicitly state that the cause was set for trial on January 10, 1979. The request upon which the ruling was made, however, specifically requested January 10, 1979, as the trial date. The next entry of record made the same day reflects that copies of the previous entry were given to the parties "in compliance with Rule 72(d) [sic]." T.R. '72(D) dealing with the obligation of the court clerk concerns only rulings, orders, and judgments made by the court. The only reasonable interpretation to be placed on the entries made of record is that the request for trial on January 10, 1979, was granted in its entirety. This is the equivalent of specifically setting the trial date for January 10, 1979.

Batter Boy concedes that it received actual notice of the trial date during a telephone call to the clerk's office on January 5, 1979. (Appellant's Brief at 7). Further evidence of Batter Boy's awareness of the trial date is reflected in its "Motion for Continuance" filed January 8, 1979: "This cause is scheduled for trial on or about January 10, 1979 at 11:00 o'clock A. M. in Hamilton County Court." The motion was promptly denied and notice to that effect was sent the same day.

■ An associate of Batter Boy's counsel appeared at the designated trial time and orally requested a continuance. The motion was granted contingent upon Batter Boy's paying for the costs of postponement.[4] Trial Rule 53.4 clearly and specifically grants the trial court power, in its discretion, to take just such action. There is no indication that such discretion was abused.

## II.

Batter Boy next contends that the trial court erred in transferring only the additional count by interlineation to the circuit court. An examination of Batter Boy's argument shows that its allegation of error rests upon two grounds. The first appears to be that a change of judge was mandatory because bias and prejudice were alleged in Batter Boy's "Verified Petition to Transfer."[5] Apparently, the bias perceived by Batter Boy is the trial court's failure to transfer the entire case to the circuit court (Appellant's Brief at 16) and certain statements allegedly indicating prejudgment on the part of the trial judge.

■ Batter Boy's "Verified Petition to Transfer" is not in the Record. Rather than utilizing the method of correcting omissions prescribed by Appellate Rule 7.2(C)(2),[6] the petition was simply appended

---

Judge Buchanan's inadvertent participation in the decision after he had conducted an unsuccessful "settlement" conference. Chief Judge Buchanan disqualified himself and Judge Miller was appointed to participate by designation. The rough draft opinion was recirculated for vote by Judge Miller and revote by Judge Shields. The latter procedure resulted in this opinion which supersedes the opinion of June 2, 1981.

4. It appears that no objection was made to the assessment until February 20, 1979, when the $155.60 was paid after a defense motion for sanctions against Batter Boy for failure to pay the costs as ordered.

5. Batter Boy actually sought a change from the judge. (Appellant's Brief at 16–17.) It should be noted that a change from the judge, the only change available as of right, I.C. 33–10.5–7–3 (Burns Supp.1980), would not grant the relief desired by Batter Boy. The case would remain in county court, but with a different judge. *See* T.R. 76 and T.R. 79.

6. Batter Boy repeatedly alleged in its brief that the trial judge prevented the filing of its Verified Petition to Transfer. The record is devoid of evidence supporting this contention. There is no entry showing an unsuccessful attempt to file the petition, there is no mention of the judge's alleged action in the transcript of the

to Batter Boy's primary brief. Even were we to overlook this error, *see Holleman v. State* (1980) Ind., 400 N.E.2d 123, 125, the judge's statements allegedly showing pre-judgment are not in the record and the petition is based on matters not within the knowledge of the attorney who drafted the petition and who argued it in open court, nor within the knowledge of the client, neither of whom were present when the alleged statements were made. There is nothing before us in this regard for review.

This second argument also presents what amounts to a subject matter jurisdiction question. Batter Boy contends the county court lost jurisdiction when the additional count by interlineation was filed. Thus, it is argued, transfer to the circuit court was mandatory rather than a matter of discretion.

The present county court system was created in 1975 to replace justice of the peace courts. I.C. 33–10.5–1–2 (Burns Supp.1980). County courts, however, have greater utility than their predecessors. Jurisdiction in civil matters extends to, *inter alia*, all "cases founded on contract or tort in which the debt or damage claimed does not exceed three thousand dollars." I.C. 33–10.5–3–1 (Burns Supp.1980).[7] Each county court maintains two civil dockets.

"A small claims docket for:

(A) All cases where the amount sought or value of the property sought to be recovered is one thousand five hundred dollars [$1,500] or less. The plaintiff in a

statement of claim or the defendant in a counterclaim may waive the excess of his claim over one thousand five hundred dollars [$1,500] to bring it within the jurisdiction of the small claims docket; and

(B) All possessory actions between landlord and tenant where the rent reserved does not exceed five hundred dollars [$500] per month.

A plenary docket for all other civil cases." I.C. 33–10.5–7–1 (Burns Supp. 1980).

Cases on the plenary docket are governed by the Indiana Rules of Procedure, while cases on the small claims docket are conducted with the informality common to such actions. I.C 33–10.5–7–2 (Burns Supp. 1980).

■ This case was placed on the small claims docket due to the amount of the original claim. The original counterclaims were also well within the bounds of the small claims docket. Although the amended counterclaims exceeded the $1500 small claims limit, they each remained within the county court jurisdictional amount of $3,000.[8] Thus, while the trial court perhaps should have moved the case to the plenary docket since Corn and Peacock did not state an intention to waive any recovery over $1500, *see* I.C. 33–10.5–7–1(2)(A); S.C. 5(B), the county court retained subject matter jurisdiction over the action at all times.

■ When Batter Boy attempted to file its additional count by interlineation

---

hearing on Batter Boy's petition to transfer, and no affidavit has been filed to substantiate the charge. It would be prudent for one making such a serious accusation to provide some evidence of the alleged misconduct.

Disregard of the Appellate Rules reached epidemic proportions in this case. In addition to Batter Boy's failure to have the petition properly added to the record, it was appended to the brief on legal size paper in violation of A.R. 8.2(A)(2). Also, as previously mentioned, Batter Boy's argument was basically incomprehensible, improper citation form was used, A.R. 8.2(B)(1), the reply brief was the wrong color, A.R. 8.2(A)(3), and both parties' recitation of facts were extremely argumentative. It would be serious error to assume such noncompliance will be tolerated in the future.

7. Specific exclusions from jurisdiction are provided in I.C. 33–10.5–3–2 (Burns Supp.1980):

"The county court has no jurisdiction in actions seeking injunctive relief or involving partition of real estate, or to declare or enforce any lien thereon, nor shall the court have jurisdiction in matters pertaining to paternity, juvenile or probate, and has no jurisdiction in cases where the appointment of a receiver is asked or in suits for dissolution of marriage. The county court has jurisdiction to conduct preliminary hearings in felony cases."

8. It may be noted that even if the aggregate amount of the two counterclaims were to exceed the $3000 jurisdictional amount, the county court could nevertheless properly retain jurisdiction. *Elliott v. Roach* (4th Dist.1980) Ind. App., 409 N.E.2d 661, 665–69.

claiming damages of $100,000 the trial court was offered a claim obviously in excess of its jurisdictional grant. Whether the additional count is considered an attempted amendment, T.R. 15(A), or a supplemental pleading, T.R. 15(D), the trial court's permission was required prior to filing. There is no entry in the record disclosing that the trial court validated the pleading. Under the circumstances, transfer of the count to circuit court appears to have been the proper response. Trial Rule 75(B) provides, "Whenever a claim or proceeding is filed which should properly have been filed in another court of this state, . . . the court in which such action or proceeding is filed . . . shall order said cause transferred to the court in which it should have been filed." Apparently recognizing that the additional count could not be considered in county court, the trial judge partially granted Batter Boy's petition to transfer. The additional count, unconnected to the events giving rise to the original claim, could then properly proceed as a separate claim. We find no error in this action.

Affirmed.

MILLER, J. (participating by designation) concurs.

SHIELDS, J., concurs in result.