SEARS, ROEBUCK AND COMPANY, INC., Appellant–Defendant and Cross–Defendant,

v.

Pree BOYD, Appellee–Defendant and Cross–Plaintiff,

Jon McConnel and James Bierman, Appellees–Defendant and Plaintiff.

No. 32A01–9003–CV–132.

Court of Appeals of Indiana, First District.

Nov. 14, 1990.

John W. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, for appellant-defendant and cross-defendant.

William Levy, Townsend Yosha Cline Farrell & Ladendorf, Indianapolis, for appellee-defendant and cross-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

By way of an interlocutory appeal, Sears, Roebuck, and Company, Inc. appeals the denial of its motion for judgment on the pleadings on Pree Boyd's cross-claim for indemnification. We reverse and remand.

## FACTS

On July 23, 1988, Pree Boyd (Boyd) had his vehicle serviced by Sears, Roebuck, and Company, Inc. (Sears) in Indianapolis. Sears placed and rotated the tires on Boyd's car. After leaving the Sears service facility, one of the wheels came off of Boyd's car while he was driving. Boyd's car collided with Jon McConnel's (McConnel) vehicle. A second collision followed in which Boyd's car struck an unoccupied vehicle and fence owned by James Bierman (Bierman).

Bierman filed a claim for property damage against Boyd and McConnel with the Marion Superior Court. McConnel filed a cross-claim for personal injury against Boyd on January 20, 1989. Boyd answered McConnel's cross-claim on February 3, 1989, claiming an affirmative defense that inferred Sears proximately caused the accident.

Subsequently, Bierman's interests in the case were voluntarily dismissed, leaving

McConnel pursuing damages against Boyd. On September 28, 1989, McConnel joined Sears to the action pursuant to Ind.Trial Rule 20 to seek damages. Sears responded on December 27, 1989, denying liability. After a change of venue to the Hendricks Circuit Court on January 16, 1990, Boyd filed a cross-claim for indemnification against Sears on January 23, 1990. However, Boyd filed his cross-claim without leave of court. Thereafter, Sears sought judgment on the pleadings as to Boyd's cross-claim, alleging Boyd's cross-claim was filed without leave of court and did not state a proper claim. The trial court denied Sears' motion and certified its ruling for interlocutory appeal. This court accepted jurisdiction of this appeal on May 31, 1990, pursuant to Ind.Appellate R. 4(B)(6).

## ISSUES

1. Whether the trial court erred in denying Sears' motion for judgment on the pleadings because Boyd's cross-complaint for indemnification was filed after his original pleading without leave of court.

2. Whether the trial court erred in denying Sears' motion for judgment on the pleadings because Boyd's cross-complaint for indemnification failed to state a claim for which relief could be granted.

## DISCUSSION AND DECISION

### Issue One

Sears correctly contends the trial court erred in denying its motion for judgment on the pleadings. Boyd's cross-claim for indemnification was filed improperly without leave of court. We previously have announced our interpretation of Ind.Trial Rules 7 and 13(G) in *Ohio Valley Gas, Inc. v. Blackburn* (1983), Ind.App., 445 N.E.2d 1378, 1385–86, *trans. denied.* Federal cases have explained more fully interpretations of the Fed.R.Civ.P. 7 and 13(g). Be-

cause Indiana's T.R. 7 and 13(G) mirror the federal rules, we present the federal courts' explanations of these rules.

Reading Fed.R.Civ.P. 7 and 13(g) together, a cross-claim must be asserted in an answer, *Federal Deposit Insurance Corp. v. Soden,* (D.Kan.1984), 603 F.Supp. 629, 635 and is not a pleading itself. *In re Cessna Distributorship Anti-trust Litigation* (8th Cir.1976), 532 F.2d 64, 67; *Newton v. Kroger* (E.D.Ark.1980), 501 F.Supp. 177, 179. Applying the federal interpretations and *Ohio Valley Gas* to our case, we find that a purported cross-claim filed without leave of court is a procedural non-entity. *Id.; Ohio Valley Gas,* 445 N.E.2d at 1386. A defendant can assert a cross-claim against a co-defendant by amending his answer only if leave of court is granted pursuant to Ind.Trial Rule 15(A). *Ohio Valley Gas,* 445 N.E.2d at 1385–86; *Batter Boy Bakery v. Corn* (1981), Ind.App., 420 N.E.2d 1360, 1364, *trans. denied; see Cessna,* 532 F.2d at 67; *Conkright v. Ballantyne of Omaha, Inc.* (W.D.Mich.1980), 496 F.Supp. 147, 153; *Slotkin v. Brookdale Hospital Center* (S.D.N.Y.1974) 377 F.Supp. 275, 278; *U.S. v. Eight Tracts of Land, Brookhaven, New York* (E.D.N.Y. 1967), 270 F.Supp. 160, 163–64; *contra, Straub v. Desa Industries, Inc.* (M.D.Pa. 1980), 88 F.R.D. 6, 8.

The record does not reflect any order by the trial court which allowed Boyd to file a cross-claim; therefore, it is a nullity.[1] *Ohio Valley Gas,* 445 N.E.2d at 1386; *see Straub,* 88 F.R.D. at 8. The trial court erred by denying judgment on the pleadings for Sears.

### Issue Two

Even if the trial court had granted Boyd leave of court to file the cross-claim against Sears, the cross-claim fails to state a claim for relief which can be granted. Thus, the trial court erred in denying

---

1. Although Boyd contends his memorandum in opposition of Sears' motion for judgment on the pleadings contained a request for leave to amend, the court's ruling on the motion does not suggest that the trial court considered such as a proper motion and the court did not grant

Boyd's request for leave of court. *Compare, Car Carriers, Inc. v. Ford Motor Co.* (7th Cir.1984), 745 F.2d 1101, 1107, *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985) (complaint may not be amended by briefs in opposition to a motion to dismiss).

Sears' motion for judgment on the pleadings.

Boyd argues that he has an implied indemnity right. A right of indemnification has been implied at common law when liability to another is solely derivative or constructive.[2] *Elcona Homes Corp. v. McMillan Bloedell, Ltd.* (1985), Ind.App., 475 N.E.2d 713, 715, *trans. denied.* Generally, implied indemnity is created by a relationship between the parties, i.e. employer-employee, principal-agent. *McClish v. Niagara Machine & Tool Works* (S.D.Ind. 1967), 266 F.Supp. 987, 989; *American States Insurance Co. v. Williams* (1972), 151 Ind.App. 99, 105, 278 N.E.2d 295, 299, *trans. denied.* We find implied indemnity does not support Boyd's cross-claim. Although Boyd was Sears' customer, no vicarious liability developed from this relationship which would make Boyd liable for Sears' acts or omissions.

Furthermore, the party seeking indemnification must be free from fault. *Elcona,* 475 N.E.2d at 716. McConnel's claims allege each defendant was negligent. McConnel alleges Boyd failed to maintain control of his car. Boyd's negligence is alleged separate from that of Sears. Whether Sears be found solely liable to McConnel, Boyd be found solely liable, or both Sears and Boyd be found jointly liable, none of these possible results presents a right of implied indemnity of Boyd from Sears.

In the first situation, if Boyd is not found negligent of the operation of his car, he will not owe McConnel. Boyd could not be held constructively liable for Sears' negligent repairs.[3] *See McClish,* 266 F.Supp. at 990–992; *American States Ins. Co.,* 151 Ind.App. at 105–06, 278 N.E.2d at 299–300. In the second and third situations, Boyd would be liable for his own negligence in failing to maintain control over his car. "Where the negligent acts of parties concur in producing an injury, they are jointly and severally liable ... where their acts of negligence are separate and independent." *McClish,* 266 F.Supp. at 991. Therefore, we find that Boyd does not have any right to indemnity under the circumstances. Under the comparative fault statute[4], the percentages of fault of Boyd and Sears will be determined at trial, and damages apportioned appropriately. We find the trial court erred in denying Sears' motion for judgment on the pleadings. We reverse and remand with instructions to the trial court to enter judgment in favor of Sears on its motion.

Reversed and remanded.

BAKER and BUCHANAN, JJ., concur.

---

2. Although a right of indemnification can arise from an express contract or statutory obligation, neither is present here. Boyd's reliance on IND.CODE §§ 9–2–1.5–1 to 13 for a right to indemnity is misplaced. First, the act was not in effect at the time of Boyd's accident. Additionally, I.C. §§ 9–2–1.5–1 to 13 places financial responsibility on a driver for accidents, but does not provide a mandate for indemnity.

3. Although other jurisdictions have permitted indemnification where the indemnitee was passively or secondarily negligent, *see Popkin*

*Brothers, Inc. v. Volk's Tire Co.* (1941), 20 N.J. Misc. 1, 23 A.2d 162; *Glassman v. Goldman* (1962), 35 Misc.2d 429, 230 N.Y.S.2d 947; *American Fidelity & Casualty Co. v. Bennett* (1952), 69 Ohio L.Abs. 386, 125 N.E.2d 754, Indiana has repudiated the active/passive negligence distinction. *Indiana State Highway Commission v. Thomas* (1976), 169 Ind.App. 13, 24, 346 N.E.2d 252, 259, *trans. denied.*

4. IND.CODE §§ 34–4–33–1 to 14.