J-S31021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER H. WRIGHT :
:
Appellant : No. 1089 EDA 2023

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Wayne County
Criminal Division at No: CP-64-CR-0000210-2022

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 09, 2023**

Appellant, Christopher H. Wright, appeals from the judgment of
sentence the Court of Common Pleas of Wayne County entered on April 13,
2023. Counsel has filed a brief and petition to withdraw pursuant to ***Anders
v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978
A.2d 349 (Pa. 2009). Upon review, we grant counsel's petition for leave to
withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant background as follows.

On March 13, 2023, [Appellant], represented by [counsel], signed
a written guilty plea colloquy pleading guilty to Counts 3 and 5 of
the Second Amended Information, Stalking (18 Pa.C.S.A.
§ 2702(a)(1)) (felony of the third degree) and Simple Assault (18
Pa.C.S.A. § 2701(a)(1) (misdemeanor of the second degree),
respectively. On the same date, [the trial court] conducted an
oral colloquy and ordered a pre-sentence investigation. On April
13, 2023, upon consideration of the pre-sentence investigation
report and following a sentencing hearing, [the trial court] ordered
a total sentence of forty-five (45) months to one hundred eight
(108) months in a State Correctional Institution. . . . .

On April 17, 2023, [Appellant] filed a Motion for Post Sentence Relief pursuant to Rule 720 of Pa.R.Crim.P. requesting [the trial court] to reconsider and reduce [Appellant]'s sentence, specifically with respect to Count 3, for which [the trial court] imposed a sentence in the aggravated range. [The trial court] denied the Motion for Post Sentence Relief by Order dated April 18, 2023.

Trial Court Opinion, June 9, 2023, at 1-2. The sentencing transcript reflects that Appellant has seventeen adult convictions "ranging from assault to strangulation to DUI to fraud to theft to disorderly conduct to possession with intent to deliver." N.T., 4/13/23, at 11. In the present case, after Appellant's wife obtained a Protection From Abuse order against Appellant, Appellant attempted to strangle her to death while their children were in the other room. *Id.* at 5-7. At the time of this assault, Appellant had undergone state drug treatment in prison but had relapsed after his release. *Id.* at 7. He was drunk and high on drugs when he assaulted his wife, and as she underwent treatment at the hospital for the assault, he broke into their house again, graffitied the wall, destroyed his wife's bed and urinated on it. *Id.* at 5-6.

Appellant filed a timely appeal from the order denying post-sentence motions. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On July 5, 2023, counsel filed an *Anders* brief, in which he argued that Appellant's appeal is frivolous and requested permission from this Court to withdraw as counsel. Appellant did not file a response to counsel's *Anders* brief or raise any additional claims.

Before we address the merits of the challenge, we must consider the adequacy of counsel's compliance with ***Anders*** and ***Santiago***. ***Commonwealth v. Washington***, 63 A.3d 797, 800 (Pa. Super. 2013); ***see also Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005) ("[w]hen faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted).

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
> (3) set forth counsel's conclusion that the appeal is frivolous; and
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Counsel's brief substantially complies with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal

- 3 -

is frivolous. Counsel also sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**. Accordingly, all **Anders**' requirements are satisfied.

We now examine the issues counsel identified in the **Anders** brief and conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*) (quotation omitted).

Appellant objects to the length of his sentence based on the consecutive nature of his sentences for stalking and simple assault and the fact that his sentence for stalking is in the aggravated range.[1]

This issue raises a challenge to the discretionary aspects of Appellant's sentence. We note that "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction." **Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa. Super. 2014). To determine whether this Court's jurisdiction has been properly invoked, we consider whether: (1) Appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) the brief includes a statement

---

[1] Appellant's written guilty plea colloquy was an "open" guilty plea that permitted him to challenge the discretionary aspects of his sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

- 4 -

pursuant to Pa.R.A.P. 2119(f); and (4) Appellant has presented a "substantial question" that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

Appellant timely appealed and preserved his claim that his sentence for stalking was excessive in a motion for reconsideration of sentence. *See* Motion for Post-Sentence Relief, 4/17/23. Within his *Anders* brief, counsel included a Pa.R.A.P. 2119(f) Statement. We will proceed, therefore, to consider whether Appellant's claim presents a substantial question.

"An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (internal quotations and citation omitted). This is not the case here. Counsel noted, and we agree, that "the sentences in question do not violate a particular provision of the sentencing code, nor can Appellant demonstrate the sentences . . . imposed [were] contrary to the fundamental norms underlying the sentencing schemes." *Anders* Brief at 19-20.

The "imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992

A.2d 162, 171-72 (Pa. Super. 2010); **Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013) (defendant may raise substantial question where he receives consecutive sentences within the guideline ranges "if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question"); **Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently); 42 Pa.C.S.A. § 9721(a).

There is no indication that the instant sentence is "unduly harsh, considering the nature of the crimes and the length of imprisonment," **Moury**, **supra**, or that the sentence is "clearly unreasonable" under the circumstances, given the serious nature of Appellant's criminal conduct and his extensive criminal record. **Dodge**, **supra**.

Finally, nothing in the record indicates that Appellant raises a substantial question by complaining that his sentence for stalking is in the aggravated range. There is no complaint, for example, that the court considered improper factors in applying the aggravated range or failed to state adequate reasons on the record for applying the aggravated range. Even if we were to address the merits of this contention, the record demonstrates that the court limited its consideration to proper factors and gave adequate

reasons for applying the aggravated range during Appellant's sentencing hearing. N.T. Sentencing, 4/13/23, at 10-11; *see also Commonwealth v. Borger*, 2020 WL 1304276, *3 (Pa. Super., Mar. 18, 2020) (unpublished memorandum)[2] (Appellant's claim of excessiveness failed because, *inter alia*, he did not contend that court failed to give sufficient reasons for imposing sentence in aggravated range).

Accordingly, we conclude that Appellant failed to raise a substantial question and that his claims relating to the discretionary aspect of sentencing are devoid of substance. We, therefore, agree with counsel that Appellant's sentencing challenge is frivolous.

Even if we were to address the merits of the contention, we would find that the trial court did not abuse its sentencing discretion.[3] To this end, the trial court noted:

> At the sentencing hearing on April 13, 2023, [the sentencing court] heard from the victim, [], who expressed that [Appellant] has threatened to end her life and that she suffers from post-traumatic stress disorder due to the trauma she endured from [Appellant]. [The trial court] also considered numerous letters submitted by family members of the victim. It is the position of [the trial court] that it ordered an appropriate sentence upon

---

[2] Pursuant to Pa.R.A.P. 126(b), we may cite unpublished non-precedential memoranda filed after May 1, 2019 for their persuasive value.

[3] "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2009). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.*

consideration of the nature and circumstances of the offenses, the criminal history and characteristics of [Appellant], the gravity of the offenses in relation to the impact on the victim and the community, the pre-sentence investigation report and the sentencing guidelines.

Trial Court Opinion, 6/9/23, at 2-3 (citing 42 Pa.C.S.A. § 9781); **see also** N.T. Sentencing, 4/13/23, at 10-11.

After conducting our independent review as required pursuant to **Yorgey**, **supra**, we discern no non-frivolous issues to be raised on appeal. Accordingly, we grant counsel's Motion for Leave to Withdraw as Counsel and affirm the Judgment of Sentence.

Judgment of Sentence affirmed.  Petition to Withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/9/2023